IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE ALTMANN, et al., | CASE NO. CV F 11-1807 LJO MJS |
| Plaintiffs, | **ORDER TO DISMISS REMAINING DEFENDANTS** |
| vs. | (Doc. 13.) |
| PNC MORTGAGE, et al., | |
| Defendants. | |

## BACKGROUND

This Court's January 20, 2012 order ("January 20 order") dismissed with prejudice defendants PNC Bank, N.A., and Rushmore Loan Management Services and noted irreparable deficiencies in the operative complaint of plaintiffs Ernie Altmann and Creative Builders, Inc. (collectively "plaintiffs"). The January 20 order required plaintiffs, no later than January 26, 2012, to file papers to show cause why this Court should not dismiss this action against any remaining defendants, including Cal-Western Reconveyance Corporation and The Bowers Group. The January 20 order "**ADMONISHES plaintiffs that this Court will dismiss this action against any remaining defendants if plaintiffs fail to comply with this order and fail to file timely papers to show cause why this Court should not dismiss this action against any remaining defendants.**" (Bold in original.) Plaintiffs filed no papers to address why this Court should not dismiss any remaining defendants.

1

## DISCUSSION

### Failure To Comply With Orders

This Court's Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these [Local] Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for failure to comply with a court order or local rules or for lack of prosecution, a court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-1261; *Ghazali*, 46 F.3d at 53.

In this case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal as plaintiffs indicate a lack of interest to further litigate or prosecute this action. The third factor -- risk of prejudice to defendant -- also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that its failure to obey the court's

order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-133; *Henderson*, 779 F.2d at 1424.  The January 20 order "**ADMONISHES plaintiffs that this Court will dismiss this action against any remaining defendants if plaintiffs fail to comply with this order and fail to file timely papers to show cause why this Court should not dismiss this action against any remaining defendants.**" (Bold in original.)  Plaintiffs ignored the January 20 order in failing to address why any remaining defendants should not be dismissed.  As such, plaintiffs disobeyed the January 20 order despite adequate warning that dismissal will result from disobedience of this Court's order.

Moreover, the January 20 order demonstrates that plaintiffs lack a viable claim under their complaint's theories. This Court construes absence of a response to the January 20 order as a concession that plaintiffs lack viable claims against any remaining defendants. As detailed in the January 20 order, the complaint's claims fail as barred legally. Plaintiffs lack viable claims.

This Court surmises that plaintiffs pursue this action in absence of good faith and that plaintiffs exploit the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against any remaining defendants.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against any remaining defendants, including Cal-Western Reconveyance Corporation and The Bowers Group; and

/ / /

/ / /

/ / /

2. DIRECTS the clerk to enter judgment in favor of any remaining defendants, including Cal-Western Reconveyance Corporation and The Bowers Group and to close this action.

IT IS SO ORDERED.

**Dated:   January 27, 2012**              /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE